UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYSHOWN M.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

_____

**DECISION AND ORDER**

6:20-CV-07001 EAW

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Rayshown M. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 9; Dkt. 11), and Plaintiff's reply (Dkt. 12). For the reasons discussed below, Plaintiff's motion (Dkt. 9) is denied and the Commissioner's motion (Dkt. 11) is granted.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on October 5, 2017. (Dkt. 7 at 20, 256-61, 262-63).[1]  In his applications, Plaintiff alleged disability beginning September 1, 2014, due to poor vision, PTSD, back pain, left shoulder pain, varicocele, and myofascial pain syndrome.  (*Id.* at 20, 256, 262, 292).  Plaintiff's applications were initially denied on January 18, 2018.  (*Id.* at 20, 179-94).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Brian Kane in Rochester, New York, on October 18, 2019.  (*Id.* at 20, 35-77).  After the hearing, Plaintiff amended his alleged onset date to December 28, 2014.  (*Id.* at 20, 351).  On October 30, 2019, the ALJ issued an unfavorable decision.  (*Id.* at 20-29).  Plaintiff requested Appeals Council review; his request was denied on September 22, 2020, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of N.Y.*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not

disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I.    **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2017.  (Dkt. 7 at 22).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 28, 2014, the amended alleged onset date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of myofascial pain syndrome with left shoulder pain.  (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairments of blindness, low vision, and anxiety were non-severe.  (*Id.* at 23).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 25).  The ALJ particularly considered the criteria of Listing 1.02 in reaching his conclusion.  (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b).  (*Id.*).

At step four, the ALJ found that Plaintiff was capable of performing past relevant work ("PRW") as a telemarketer, sales person, and hostess at a restaurant.  (*Id.* at 28).  The ALJ relied on the testimony of a vocational expert ("VE") who testified that the demands of these positions are not precluded by Plaintiff's RFC and that Plaintiff could perform

these occupations as actually and generally performed. (*Id.*). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of the decision. (*Id.*).

## II.   The Commissioner's Determination is Supported by Substantial Evidence and Free from Harmful Legal Error

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that the ALJ failed to properly evaluate the opinion of a consultative examiner in determining Plaintiff's RFC. The Court has considered Plaintiff's argument and, for the reasons discussed below, finds it to be without merit.

Plaintiff specifically challenges the ALJ's assessment of the opinion offered by Harbinder Toor, M.D., the consultative examiner. (Dkt. 9-1 at 8-15). In response, the Commissioner contends that the ALJ properly assessed the medical opinions in the record, including Dr. Toor's opinion, and that substantial evidence supports Plaintiff's RFC for light work. (Dkt. 11-1 at 10-19). The Court agrees with the Commissioner.

The Commissioner's regulations relating to the evaluation of medical evidence were amended for disability claims filed after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01, at *5844 (Jan. 18, 2017). Because Plaintiff's claim was filed on October 5, 2017, the new regulations, codified at 20 C.F.R. §§ 404.1520c and 416.920c, apply.

Pursuant to the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Further, when a medical source

provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id*. Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency. *Id*. at §§ 404.1520c(a), 416.920c(a). With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). With respect to "consistency," the new regulations prove that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions in the case record. *Id*. at §§ 404.1520c(b), 416.920c(b). "Although the new regulations eliminate the perceived

hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still articulate how [he or she] considered the medical opinions and how persuasive [he or she] find[s] all of the medical opinions." *Andrew G. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) (quotations and citation omitted).  Specifically, the ALJ must explain how he considered the "supportability" and "consistency" factors for a medical source's opinion.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may—but is not required to—explain how he considered the remaining factors.  *Id.*

In crafting Plaintiff's RFC, the ALJ considered several medical opinions, as well as Plaintiff's symptoms, relatively normal findings of the musculoskeletal system, conservative treatment, and daily activities, to determine that Plaintiff's impairments did not limit his ability to perform his past work in accordance with the RFC.  As noted, at issue on the instant motions is the ALJ's consideration of the opinion of consultative examiner, Dr. Toor, who evaluated Plaintiff on November 16, 2017.  (Dkt. 7 at 602-06).  Dr. Toor noted Plaintiff's diagnosed history of motor vehicle accidental injury, left-sided groin varicocele, anxiety, and injury to left shoulder.  (*Id.* at 605)  He offered the following medical source statement relating to Plaintiff's ability to function in a work setting:

> He has moderate limitation standing, walking, sitting, bending, and lifting. He has mild to moderate limitation reaching, pushing, and pulling with the left shoulder pain.

(*Id.*).  The ALJ evaluated Dr. Toor's opinion, which he found "persuasive":

> In making a disability determination, I find that this opinion is persuasive, as it is consistent with the examination findings, overall mild diagnostic and

clinical findings, along with [Plaintiff's] own testimony that he continued to attend the gym and treatment notes indicated he was working with UPS.

(*Id.* at 27).

The Court is satisfied with the ALJ's evaluation of Dr. Toor's opinion in accordance with the applicable law.  Dr. Toor's conclusion is supported by his examination notes and other medical evidence in the record, as noted by the ALJ.  As set out below, substantial evidence supports the ALJ's assessment of the opinion.

Plaintiff argues that the ALJ failed to address in the RFC Plaintiff's moderate limitations identified by Dr. Toor for prolonged standing, walking, sitting, bending, and lifting, and that such limitations prevent him from performing a full range of light work. (Dkt. 9-1 at 8-15).  However, a claimant is not necessarily disabled simply because he is moderately limited in prolonged standing, walking, sitting, bending, and lifting.  *See Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). In fact, courts in this Circuit have repeatedly upheld an ALJ's decisions that a claimant could perform light work when there was evidence that the claimant had moderate difficulties in prolonged standing, walking, sitting, bending, or lifting.  *See id.; see also White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (consultative physician's opinion that plaintiff had moderate limitations in standing, sitting, and performing "other activities" supported RFC for light work); *Garcia v. Comm'r*, No. 21-CV-01230 (SDA), 2022 WL 4234555, at *15 (S.D.N.Y. Sept. 14, 2022) (noting that "moderate limitations in, *inter alia*, standing, walking and bending do not preclude performance of light work"); *Gasperini v. Comm'r of Soc. Sec.*, 2022 WL 970522, at *7 n.4 (S.D.N.Y. Mar. 31, 2022) (opinion that claimant had "moderate limitation for sitting, standing, walking, climbing stairs, lifting,

and carrying" was "consistent with the requirements of light work"); *Gerry v. Berryhill*, 17-CV-7371 (JS), 2019 WL 955157, at *3 (E.D.N.Y. Feb. 26, 2019) ("Courts within this Circuit have held that opinions of similar 'mild to moderate limitations' support RFC findings that claimants are capable of 'light work.'" (internal citation omitted) (collecting cases)); *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) ("moderate limitations. . . are frequently found to be consistent with an RFC for a full range of light work") (collecting cases); *Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (collecting cases where courts have "not consider[ed] an opinion assessing moderate limitations for sitting, standing and walking inconsistent with a determination that the claimant can perform the requirements of light or medium work").

The Court finds no error in the ALJ's consideration of Dr. Toor's opinion and agrees that it is consistent with his examination. Specifically, Dr. Toor's examination report reflects that Plaintiff appeared in no acute distress and had the full range of motion in his right shoulder, elbows, forearms, wrists, hips, knees, and ankles. (Dkt. 7 at 603-04). His cervical spine showed full flexion, extension, and lateral flexion bilaterally. (*Id.* at 604). Plaintiff's joints were stable and nontender with no redness, heat, swelling, or effusion. (*Id.*). Plaintiff had strength of 5/5 in his upper and lower extremities, and his grip strength was 5/5 bilaterally. (*Id.*). Dr. Toor found Plaintiff's prognosis to be fair. (*Id.* at 605).

The ALJ found Dr. Toor's examination to be consistent with other evidence of record. Specially, a February 2016 MRI of Plaintiff's upper arm revealed an intact rotator cuff without evidence of high-grade partial or full thickness tear. (*Id.* at 463). April 2016

- 10 -

physical examination records for a report of groin and upper thigh numbness showed that Plaintiff retained normal range of motion of the musculoskeletal system, no numbness to pinprick, and normal strength and sensation. (*Id.* at 582-83). The records reflect no need for an MRI at that time. (*Id.* at 583). January 2017 medical records for treatment Plaintiff received for testicular pain continued to reflect normal findings of Plaintiff's musculoskeletal system with normal range of motion. (*Id.* at 404, 407). March 2017 treatment notes document that Plaintiff received trigger point injections for his myofascial pain syndrome which he reported as providing moderate relief. (*Id.* at 390-91). Plaintiff reported that he was attending the gym and working at UPS. (*Id.* at 391). Plaintiff had no new complaints of numbness or weakness of motor extremities and was able to rise from a seated position without using his arms, but noted reproducible myofascial tenderness in the paraspinal muscles and trigger points in the paraspinal region. (*Id.* at 392). Treatment records from a September 2018 emergency room visit reflect that Plaintiff presented with symptoms of mid to lower back pain arising from lifting weights and doing bent over rows at the gym. (*Id.* at 747).

In addition to Dr. Toor's opinion, the ALJ considered the opinion of A. Saeed, M.D., a state agency medical expert who assessed the record in January of 2018. Dr. Saeed opined that Plaintiff was able to work at the medium exertional level with the ability to occasionally climb, balance, kneel, and crawl, and frequently stoop and crouch. (Dkt. 7 at 54-166). The ALJ found Dr. Saeed's opinion to be not persuasive "as it is not consistent with the overall medical evidence of record that supports a more restrive[ive] exertional

limitation based on the [Plaintiff's] history with motor vehicle accident and subsequent myofascial pain syndrome, as detailed above."  (*Id.* at 27).

Plaintiff has pointed to no medical evidence supporting his alleged limitations that was overlooked by the ALJ or that any of his treatment providers recommended a more invasive form of treatment for his impairments.   A plaintiff's receipt of conservative treatment is an appropriate consideration by the ALJ.  *See Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (claimant receiving only conservative treatment is evidence that can weigh against allegations of disabling symptoms); *Thomas v. Comm'r of Soc. Sec. Admin.*, No. 19 CIV. 1177 (GWG), 2020 WL 4757059 (S.D.N.Y. Aug. 18, 2020) ("In the context of a medical opinion, courts have found substantial evidence to support an ALJ's decision to discount an opinion where the opinion was not supported by the . . . treatment progress notes[,] which show that the claimant's condition was stable from conservative treatment with medication and therapy." (citation and quotation omitted)).

The Court also does not find error in the ALJ's consideration of Plaintiff's part-time employment at UPS and his lifting weights at the gym during pendency of his disability application to determine that he was able to perform light work in accordance with the RFC.  *See Teresa G. v. Comm'r of Soc. Sec.,* No. 20-CV-0816-MJR, 2021 WL 1559177, at *6 (W.D.N.Y. Apr. 21, 2021) (the ALJ reasonably considered plaintiff's ability to do routine activities, work part-time, and evidence of normal examination findings to determine that she could perform her past relevant light work); *Walton v. Comm'r of Soc. Sec.,* No. 6:18-CV-6140, 2020 WL 3964255, at *7 (W.D.N.Y. July 13, 2020) (holding that ALJ properly considered Plaintiff's activity of going to the gym in determining what

weight to give to medical source opinions); *Silva v. Saul*, No. 18-CV-6206 CJS, 2019 WL 2569595, at *5 (W.D.N.Y. June 21, 2019) ("An ALJ may. . . properly consider a claimant's demonstrated ability to work part-time during the relevant period as evidence that the claimant is not completely disabled."); *Arbello v. Comm'r of Soc. Sec.*, No. 18-CV-0982 (MKB), 2019 WL 1384094, at *11 (E.D.N.Y. Mar. 27, 2019) (holding that ALJ properly found that "exercising at a gym" did not support physician's "conclusion that Plaintiff is completely restricted from working").

.       Therefore, while giving the benefit of the doubt to Plaintiff's testimony about the limiting nature of his pain, the ALJ properly considered Plaintiff's conservative treatment history, part-time work, daily activities, and the medical evidence of record to conclude that Plaintiff was capable of performing his past relevant work.  *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("When determining a claimant's RFC, the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record.") (internal citations omitted).

In sum, Plaintiff has presented no medical evidence of functional limitations greater than those found by the ALJ.  As such, he has failed to meet his burden to demonstrate that he had a more restrictive RFC than found by the ALJ.  *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (plaintiff failed his duty to prove a more restrictive RFC).  As a result, the RFC determination is supported by substantial evidence and the ALJ reasonably

concluded that Plaintiff failed to meet his burden in this case.  Accordingly, there is no basis for the Court to disturb the Commissioner's determination.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 19, 2022
        Rochester, New York